## FISK *vs.* STUBBS.

[BILL IN EQUITY BY FEME COVERT, TO SET ASIDE CONVEYANCE OF SEPARATE ESTATE, AND REMOVE HUSBAND FROM TRUSTEESHIP.]

1. *Construction and validity of deeds by husband and wife, and by their grantee to wife.*—Where husband and wife voluntarily convey to a stranger, who afterwards, and since the passage of the "woman's law" of 1848, conveys by quit-claim to the wife, both deeds being duly recorded, the title vests in the wife, as against a subsequent purchaser from the husband.

2. *Separate estate in wife created by quit-claim deed under statute.*—A quit-claim deed, executed since the passage of the "woman's law" of 1848, by which lands are conveyed to a married woman, creates in her a separate estate under that act.

3. *Acknowledgment of deed by wife.*—The statute which makes an acknowledgment by the wife, on private examination apart from her husband, essential to the validity of a conveyance by her, has no application to conveyances of her separate estate under the acts of 1848 and 1850.

4. *Duress avoids deed of wife.*—Where the wife is compelled, by threats of personal violence from her husband, to join with him in a conveyance of her real estate, the deed will be set aside, as to her, by a court of equity.

5. *Removal of husband from trusteeship.*—The husband will be removed from the trusteeship of his wife's separate estate, where it is shown that he is an habitual drunkard ; that he has deserted her ; that while living with her, he treated her with such harshness and violence as to keep her in constant alarm ; and that he compelled her, by threats of personal violence, to join with him in a conveyance of her separate estate.

APPEAL from the Chancery Court at Montgomery.
Heard before the Hon. WADE KEYES.

THIS bill was filed by Mrs. Mary Ann Fisk, suing by her next friend, against her husband, Jacob H. Fisk, Theodore Stubbs, and John Sietler. Its objects were, 1st, to reform, if necessary, a deed by which one Lazarus Lewis, who was an uncle of complainant's, conveyed to her a tract of land near the city of Montgomery, so as to make it vest in her a separate estate ; 2d, to avoid and set aside as to the complainant, on the grounds of infancy, coverture, and duress from her husband, a deed by which she and her husband afterwards conveyed said tract o land to said Theodore Stubbs; and, 3d, to remove her

husband from the trusteeship of her separate estate, on the grounds of abandonment, cruelty, habitual drunkenness, and general unfitness and incapacity.

The tract of land described in the bill was conveyed by John P. Figh, on the 14th April, 1849, for valuable consideration, to said Jacob H. Fisk, who, on the 14th May following, conveyed the same by quit-claim deed to Lazarus Lewis; the complainant joining in the conveyance with her husband, for the purpose of relinquishing her dower. On the 11th February, 1850, said Lewis and wife conveyed said tract of land, by quit-claim deed, to complainant. On the 10th June, 1851, Fisk and wife conveyed to Stubbs, who afterwards conveyed to Sietler. The conveyances from Fisk and wife to Lewis, and from Lewis and wife to complainant, purport to be on valuable consideration, and are alleged in the bill to have been so given; but the answers of Stubbs and Sietler insist, that they were without consideration, and were intended to defraud the creditors of Fisk.

A decree *pro confesso* was entered against Fisk.

The chancellor held, on final hearing, that the deed from Fisk and wife to Lewis, not being supported by either a good or a valuable consideration, and there being no possession in Lewis, was inoperative, and did not pass the title out of Fisk; that the conveyance from Lewis to complainant was likewise inoperative; that the deed from Fisk and wife to Stubbs was valid, and could not be avoided on either of the grounds alleged in the bill. He therefore dismissed the bill, and his decree is now assigned as error.

WATTS, JUDGE & JACKSON, for the appellant.—1. The deed from Lewis to Mrs. Fisk creates in complainant a separate estate.—Newman v. James, 12 Ala. 29; O'Neal v. Teague, 8 Ala. 345; Ozley v. Ikelheimer, 26 Ala. 332. If the terms of the deed itself do not create a separate estate, the "woman's law" of 1848 certainly does.

2. If the complainant had a separate estate, it makes no difference to Stubbs whether the deed to Lewis was upon valuable consideration or not. If the husband him-

self had voluntarily conveyed to a trustee for his wife, and the deed had been properly executed and recorded, a subsequent purchaser from him would have taken no title as against his wife.

3. The deed from Fisk and wife to Stubbs is voidable, as to the complainant, on the grounds of infancy and duress, each of which is established by the evidence.

4. The complainant's acknowledgment before the justice, on private examination, cannot estop her from setting up the duress, because it was neither required nor authorized by the statute.

II. C. SEMPLE, contra.—1. Lewis took no title by the quit-claim deed from Fisk and wife, because it was not supported by either a good or a valuable consideration, nor by possession in the releasee.

2. The conveyance from Fisk and wife to Stubbs cannot be avoided by the complainant, on the ground of duress, because the examination by the justice is a quasi judicial proceeding, which has the effect of a fine and recovery.

3. Nor can this conveyance be avoided on the ground of infancy, because, 1st, the act of 1848, under which (if at all) the complainant held a separate estate, authorizes such estate to be conveyed by the joint deed of husband and wife, notwithstanding the infancy of the wife; and, 2dly, infancy cannot be set up, in avoidance of a deed, until majority.—Zouch v. Parsons, 3 Burr. 1794; 10 Peters, 58; 3 Bacon's Abr., note 8, p. 145.

WALKER, J.—Under the decision in the case of Horton v. Sledge, 29 Ala. 478, the deeds from Fisk to Lewis and from Lewis to the complainant will be classed with that kind of conveyance under which they may be operative.—Augustin v. Simmons, 3 Porter, 69. If those conveyances were voluntary, they would be void against existing creditors. If it be conceded that they would also be void as to subsequent purchasers without notice, it will not benefit the defendants, who cannot be regarded as purchasers without notice, because both deeds

were duly recorded. Therefore, by the conveyance to Lewis, and by Lewis to the complainant, the title to the land vested in the latter, as against Stubbs and his vendee.

The remaining question in the case is, whether the title passed out of the complainant by a conveyance which can be avoided in this case. There can be no doubt that the conveyance of Feb. 11, 1850, by Lewis to the complainant, invested her with a separate estate by virtue of the act of March 1, 1848.—Davis v. Foy, 7 Sm. & Mar. 64; Frost v. Doyle, *ib.* 75; Berry v. Bland, *ib.* 77. The title thus obtained was transmissible, after Feb. 13, 1850, under the fifth section of the act of that date, by the joint deed of herself and her husband. Consequently, the joint deed of complainant and her husband of the 10th June, 1851, which was acknowledged by her, on private examination before a justice of the peace, in the mode pointed out in the act of 1843, (Clay's Digest, 155, § 27,) defeats any claim by her to the land, unless it is avoided on some one of the grounds set up in the bill.

Passing by the question of infancy, we proceed to consider whether the deed was procured by duress; and if so, what is its effect in this case. The deposition of Sarah J. Smith proves, most clearly, that the complainant's signature to the deed of herself and husband to Stubbs was extorted from complainant by a threat from her husband, which implied peril to her life. The defendant examined as a witness the justice of the peace who took her acknowledgment, and proved by him, that the complainant acknowledged the execution of the deed, without any fear or threats of her husband, and that she signed the deed in his presence, after a private conversation with her husband, no other person being in the room at the time. Indeed, the same thing is substantially proved by Mrs. Smith, the complainant's witness. But Mrs. Smith proves, also, that before the complainant's husband had brought the justice of the peace to her house, where the deed was signed, she had promised to sign it, under the influence of his threats; and that the witness, after the justice came, persuaded her to sign the deed, as the means of avoiding

her husband's violence. The testimony of Mrs. Smith is not contradicted by any other witness, and she is not discredited. Upon her testimony, we must decide that the complainant's signature was procured by duress. Answers on oath were waived; consequently, the testimony of one witness is sufficient, even though the denials had been positive and upon knowledge.

The statute, requiring a private examination of a *feme covert*, does not apply to conveyances under the fifth section of the act of February 13, 1850. The act of 1843 (Clay's Digest, 155, § 27) applies by its terms to deeds by the wife, and is not applicable to conveyances of the wife's separate estate by husband and wife, made under the authority of the statute of subsequent date. The said act of 1850 includes personal property, as well as real estate ; and if conveyances under this latter act were required to be acknowledged in the manner pointed out in the act of 1843, a deed for chattels would require to be acknowledged on private examination. The act of 1850 makes no distinction as to the mode of acknowledgment by the husband and wife, and it would be most unreasonable to say that the husband must be privately examined. Moreover, the act of 1850 prescribes that the deed be executed, proved, and recorded, but not that it be acknowledged. For these reasons, we conclude, that the separate examination of the complainant by the justice of the peace was without the authority of law, and has not the binding effect of a judicial proceeding. Whether the separate examination of a *feme covert*, in a case authorized by law, would estop her upon the question of duress from her husband, is a question which does not here arise, because the separate examination in this case was neither required nor authorized by the statute, and the assumption of authority to take such an examination cannot operate an estoppel.

The deed, having been obtained by duress, must be set aside.—2 Story's Equity, § 700; Burt v. Cassety, 12 Ala. 734.

The facts set forth in the bill, and proved, show that the complainant's husband is an unfit person to be the

trustee of her separate estate. If he has not abandoned her, in the strict sense of the word, he has at least left her, and is an habitual drunkard. When he was living with her, he treated her with such harshness and violence as to keep her in constant alarm; and, instead of protecting her separate estate, he has extorted from her by threats a conveyance of it. Under these circumstances, he must be removed from the office of trustee, and the complainant must be invested with the authority mentioned in section 1995 of the Code.—Andrews v. Andrews, 28 Ala. 432.

The decree of the court below is reversed; and this court, proceeding to render the decree which the court below ought to have rendered, doth order, adjudge, and decree, that the deed of complainant and her husband, Jacob H. Fisk, to Theodore B. Stubbs, of the 10th June, 1851, for the land described in the complainant's bill, be set aside and annulled, as to the complainant, and the title to said land vested in complainant as her separate estate; that Jacob H. Fisk, the husband of complainant, shall no longer have any control over the complainant's separate estate, or the rents, issues, and profits thereof; that complainant shall, henceforward, have the same control over her estate as if she were a *feme sole*, and may sue or be sued in her own name, but that her said husband shall not be liable for her acts or contracts; that the defendant John Sietler shall deliver to the complainant the premises described in her bill; that a writ of *habere facias possessionem*, in favor of complainant, and against said Sietler, may be issued by the registrar of the chancery court of Montgomery, for the said land; that the defendant Stubbs shall pay the costs of this court, and that the defendants Fisk and Stubbs shall pay the costs of the court below in equal proportions.