|34 53|
|103 132|

## BENNETT vs. BENNETT.

[ACTION BY WIFE AGAINST HUSBAND'S ADMINISTRATOR.]

1. *Conclusiveness of settled rule of property.*—A decision of the supreme court, which has probably become a rule of property, should be adhered to by the courts, even where its correctness might be doubted if the question were *res integra.*

2. *Husband's rights to emblements of wife's separate estate.*—On the death of the husband before the maturity of the crop planted by him on the wife's lands, and cultivated with the slaves belonging to her separate statutory estate, his administrator is entitled, as against the surviving wife, to the proceeds of such crop.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. NAT. COOK.

THIS action was brought by Mrs. Margaret C. Bennett, against Burgess Bennett, who was the administrator of the plaintiff's deceased husband, Jerome Bennett. The complaint contained all the common money counts, and

sought to charge the defendant individually. The only plea was the general issue, "with leave to give in evidence any matter that could be specially pleaded in bar, and with like leave to the plaintiff to give in evidence any matter that could be specially replied." The facts of the case, as adduced in evidence on the trial, are thus stated in the bill of exceptions:

"The plaintiff was married to Jerome Bennett, in Alabama, on the 8th July, 1851. At the time of her marriage, and at the time of her said husband's death, which occurred on the 26th June, 1855, she had a separate estate in lands, slaves, farming stock and implements, which she held as such under the statutes of this State. In the spring of 1855, her said husband planted a crop of corn and cotton on her said lands, and, at the time of his death, was cultivating it with her slaves, stock and farming implements; he having on said plantation no property of his own other than said separate property of his wife. In October, 1855, the defendant was duly appointed and qualified as administrator of said Jerome Bennett, and, as such administrator, afterwards took control of the property aforesaid, had the crop cultivated until it ripened, gathered it, took the cotton to market, and sold it by order of the probate court of Wilcox, from which he received his appointment. The net proceeds of the sale of said cotton, after deducting $300 overseer's wages for the year 1855, which were paid by the defendant, amounted to $1597 26, which was received by tne defendant before the commencement of this suit, including interest. The defendant then proved, that he had paid, before the commencement of this suit, an account of A. T. Smith for medical services rendered by him to the said slaves between February and December, 1855; also, an account of $247 86, to G. W. Sherman, for corn purchased by Jerome Bennett in January, 1855, and consumed on said plantation by the negroes and stock in making said crop; also, an account of $126 50 to Clark & Longhorne, physicians, for medicines and medical services furnished and rendered by them, at intervals, between January and November, 1855, for the negroes on said plantation; also,

two accounts for blacksmith work done during the year 1855 in repairing the wagons and plows, shoeing the horses, &c., on said plantation, which together amounted to over $200; also, an account of $257 to Hudson & Wyatt, merchants, for goods sold by them to plaintiff between the 5th July and 28th December, 1855; all which accounts were proved to be reasonable, and the expenditures to be necessary. Jerome Bennett left one child, still living, the offspring of his marriage with plaintiff; and the defendant's administration on his estate has not been settled.

"This being all the evidence in the case, the court charged the jury, that if they believed the evidence, they must find for the plaintiff the amount of money which *he* (?) had received as the net proceeds of the cotton crop grown on the plaintiff's lands in 1855, without deducting therefrom, or allowing in favor of the defendant, any of the sums which he had paid out, as set forth in the evidence, except the overseer's wages paid by him;" to which charge the defendant excepted, and which, with other rulings of the court which require no particular notice, he now assigns as error.

BYRD & MORGAN, for the appellant.
WATTS, JUDGE & JACKSON, *contra*.

STONE, J.—In Weems v. Bryan and Wife, 21 Ala. 302, 308, this court, speaking of the rights of the husband in the separate estate of the wife which she holds under the statutes of this State, said: "There can be no doubt but that the husband becomes tenant for the life of the wife, (*per autre vie*,) of the rents and profits of the wife's estate. The right 'to have and possess, control and manage' her property during the coverture, without liability to account for rents and profits, makes him so. Like every other tenant for life, he is entitled to emblements, that is, the crop growing or matured, and whether gathered or not gathered, at the termination of the life estate."—See 2 Black. Com. 403–4.

Under the rule laid down in Price v. Pickett, 21 Ala.

741, the crop of 1855 was emblements, if the estate of Jerome Bennett was such as to entitle him to it.

The case of Weems v. Bryan and Wife, *supra*, was decided more than six years ago. It lays down a rule for the descent and disposition of property, which, it is reasonable to suppose, has been frequently acted upon. It has thus, doubtless, become a rule of property; and while we forbear to express any opinion as to the correctness of that decision, if the question were *res integra*, we are unwilling to unsettle titles which probably rest on its principles. We are the more reconciled to this conclusion, because in the settlement of the accounts between the wife and the estate of the husband, where each owned property, and they had worked their property in common, the most embarrassing difficulties would frequently be encountered in separating the one interest from the other.

It results from what we have said, that the circuit court erred in its charge to the jury.

Reversed and remanded.