# Weil & Brother *v.* Pope *et al.*

*Appeal from Order refusing to dissolve Injunction.*

1. *Statutory separate estate of wife; for what purpose cannot be sold.—* A married woman cannot directly or indirectly, whether by deed absolute or mortgage, convey her statutory separate estate in payment of her husband's debt.

2. *Same; conveyance of; when valid.*—Under section 1552 of the Revised Code, a conveyance by husband and wife jointly of the wife's statutory separate estate, properly acknowleged and certified, is valid, although there were no attesting witnesses, and the grantors, who can not write, make their mark only.

3. *Overruled case.*—The case of *O'Neal* v. *Robinson* (45 Ala. 525) overruled on point stated in second head note.

APPEAL from Chancery Court of Madison.
Heard before Hon. H. C. SPEAKE.
The opinion states the case.

WALKER & SHELBY, for appellant.

WEEDON and BRANDON & JONES, *contra.*

MANNING, J.—Appellees, Sarah E. Pope and her husband, John Pope, and Wade H. Blankenship and his wife, Ella Blankenship, filed their bill to enjoin appellants, Weil & Brother, from proceeding, by their action of *unlawful detainer*, to put complainants out of the possession of certain real estate in Madison county—137 acres of land, with the appurtenances—and to have set aside and annulled a deed thereof, made by complainants to Weil & Brother, on the 19th of January, 1874, on allegations in the bill that an absolute deed was frandulently obtained, instead of a mortgage, which complainants say they were made to believe they were executing. The bill also alleges that the land in controversy belonged to Blankenship and Sarah E. Pope, who together had bought it of one Roper, that said Sarah's halt interest in it was her statutory separate estate, and was so at the time of her marriage in December, 1869; that Weil & Brother had since been furnishing supplies, upon mortgages to secure payment thereof, to enable complainants to make

[Weil v. Pope.]

crops on the land for several years; that they understood, and were told by defendants, that the deed in question was a mortgage merely, to secure payment for supplies so advanced, and signed it as such, without knowledge of the contents; and that complainants, said Sarah and her husband, cannot read or write, and made their marks only to said deed, without any subscribing witnesses to attest the same, and without a knowledge of the contents. Complainants aver also that by like misrepresentation and fraud, defendants obtained their signatures to a writing in which complainants were made to acknowledge themselves to be tenants of Weil & Brother, when they believed it to be only a mortgage for supplies, and that they have paid and over paid defendants for all such supplies, and have asked for an accounting and settlement, which has been refused; and now offer to pay any sum that may be found due from them to said Weil & Brother.

A preliminary injunction having been granted, on the coming in of the answer it was dissolved as to Blankenship and wife, but the chancellor refused to dissolve it as to complainants, said Sarah and her husband; and it is for this refusal to dissolve the injunction as to these complainants that Weil & Brother have appealed to this court.

In their answer, Weil & Brother deny all fraud and misrepresentation, explain that the consideration for the deed was an indebtedness which had been accumulating several years for supplies advanced to enable complainants to make crops on the land, and show that from year to year they had been taking notes and mortgages for such indebtedness, copies of which they set forth as exhibits. And they say that upon receiving the conveyance of January, 1874, they executed and gave to complainants an obligation to allow them to repurchase the property (of which they were left in possession) upon paying $1,445 88 therefor, within twelve months; that being the amount complainants then owed to defendants, and which was specified in the conveyance as the consideration thereof; and they affirm that the transaction and the subsequent instrument were fully explained to and understood by complainants.

Defendants do not deny, however, that said Sarah owned a half interest in the land, which was her statutory separate estate, as alleged, but impliedly admit this, and that Blankenship owned the other half. Nor do they deny that she and her husband cannot read or write, but admit that they signed the deed without witnesses and by mark only. They

[Weil *v.* Pope.]

aver, though, that it was fully acknowledged according to law for record, and was duly recorded.

Appellants' counsel say, and argue this cause upon the hypothesis, that the only question of law arising on this appeal is, whether the acknowledgment of execution of the deed by the grantors before the probate judge is not, under the statute, equivalent to a signature by mark, with the attestation of two witnesses.

But the first and most important question is, did the plaintiff acquire title to said Sarah's interest in the land at all, even if the deed were duly executed?

It is set forth at the beginning of this instrument that "the parties of the first part, for the *purpose of reinvestment in certain other realty*, and for and in consideration of the same," &c., "have granted, bargained and sold," &c. The deed was prepared by or upon the procurement of defendants, and the object of it was to have the property it embraced conveyed to them in payment of a debt past due, alleged to amount to $1,445.88; which was the entire consideration for the conveyance. The first recital in it is, therefore, not according to the fact. There was no purpose of reinvestment in the transaction.

The supplies for which the debt was created are alleged and admitted to have been advanced to enable complainants to make crops on the land. The parties engaged in this occupation, and who were entitled to the products, were complainants, Blankenship, and John Pope, the husband of Sarah. R. C. § 2372. The supplies mentioned were not "articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law," if, in the absence of proper provision by him, a stranger should furnish them, and for which the wife's statutory separate estate is liable under section 2376 of the Revised Code. *Durden and wife* v. *McWilliams*, 31 Ala. 438; *Rogers* v. *Boyd*, 33 Ala. 175; *Eskridge* v. *Ditmas*, June term, 1874.

The debt in this instance was the debt of Blankenship and John Pope, and the wife's statutory separate estate cannot be conveyed by husband and wife for the purpose of paying it, under sections 2373 and 2374.

We adopt the conclusions to this effect attained in *Bibb* v. *Pope*, 43 Ala. 190. The wife's statutory separate property can no more be conveyed absolutely to a husband's creditor than it can be mortgaged to him for the payment of the husband's debt. An instrument made to accomplish either result would be in effect like a conveyance of the property to

the husband himself for his own use, and might be used as an indirect mode of effecting that object.

Section 1536 of the Revised Code enacts that the acknowledgment of the execution of a deed, as provided in a subsequent section (1548) of the same chapter, "operates as a compliance with the requisitions" of § 1535, "upon the subject of witnesses." We understand this to mean that a deed so acknowledged is legally as effectual without the attesting witnesses mentioned in section 1535, as a deed of the same kind with them. These sections are in a chapter which treats of conveyances generally. This provision (of § 1536), however, was not extended to conveyances of property constituting the statutory separate estate of a married woman. Both the original Code and the Revised Code, which contain the sections above cited, when treating of the statutory separate estates of married women as a system by itself, require that property belonging to such estate be conveyed by husband and wife jointly, "by instrument of writing attested by two witnesses" (§ 2373 1984); and this no matter of what kind the property may be. While, again, section 1551 (1282) in both the codes, and in the chapter relating to conveyances, declared that "conveyances by married women of real property, or any interest therein, stocks in incorporated companies, or shares in manufacturing associations, are inoperative unless attested by two witnesses, or acknowledged in the mode," &c. Here the concurrence or co-operation of the husband is not required, though not necessarily excluded; and the property and interests referred to must be understood as not those belonging to her statutory separate estate.

These three sections, contained in both the original Code and the Revised Code, seem to relate to conveyances made by grantors differently situated; the last two quoted referring to conveyances by a class of persons under certain disabilities—married women—and the first to conveyances by grantors wholly *sui juris*. And in reference to instruments embraced in sections 1535 and 1551, the law always, since the adoption of the code of 1852, provided that an acknowledgment of execution made as prescribed, before an officer authorized to take and certify it, should be equivalent to, and make unnecessary, the attestation by witnesses, whether one (as in section 1535 to the signature of a grantor who can read and write), or more.

Therefore, the act of 1858, containing what is now embraced in section 1552 of the Revised Code, to-wit: "Conveyances of a *wife's property made in writing by husband and wife jointly*, and acknowledged before some officer authorized

[Board of Revenue *v.* Barber.]

to take acknowledgments of conveyances, are as valid and adequate to pass the wife's estate as if the same were *attested by two witnesses*," so obviously, by the language used, as well as by the fact that it would otherwise be wholly inoperative, relates to section 2373 of the Revised Code, and to conveyances by husband and wife of the wife's statutory separate estate, that we cannot avoid holding that it was intended to make, and does make, such conveyances valid without witnesses, when so acknowledged.

The contrary conclusion announced in *O'Neal* v. *Robinson* (45 Ala. 526) is erroneous, and the decision on that point is overruled.

For the reason that the statutory separate estate of the said Sarah was not subject to sale to pay the debt, which was the only consideration for the conveyance, the order of the chancellor refusing to dissolve the injunction as to her is affirmed.