# Weiner v. Sterling.

### Real Action in the Nature of Ejectment.

1. *Homestead exemption; what may be the subject of.*—The other conditions concurring, lands of the statutory separate estate of the wife, may be the subject of homestead exemption.

2. *Same; how may be aliened.*—A conveyance of such land in the manner requisite to convey the wife's statutory estate, will pass title thereto, freed from the right of homestead exemption, though the lands constitute the homestead, and there is no separate examination of the wife, apart from the husband, as required by the act of April 3d, 1873.

3. *Constitutional and statutory provisions with reference to alienation of the homestead; to what, apply.*—The constitutional requirements, and statutes passed to carry it into effect, as to the alienation of the homestead, apply to cases where the owner thereof is a married man, and do not affect a homestead in lands of the statutory estate of the wife, which husband and wife have conveyed in the manner requisite to pass her title to such lands.

[Weiner v. Sterling.]

APPEAL from the Circuit Court of Mobile.

Tried before Hon. HENRY T. TOULMIN.

This was a real action in the nature of ejectment, brought by the appellant, Weiner, in November, 1877, against the appellee, Sterling, to recover a house and lot in Mobile. The lot in question, before appellant conveyed it, constituted part of her statutory separate estate, held under a deed made to her in October, 1872. In 1873, it was occupied by her family, consisting of her husband, herself and her three children, as their home. In December of that year she and her husband executed a deed thereof in the proper manner to convey the wife's statutory separate estate, to one Fleishman, for $2,500; who subsequently sold and conveyed the same property to one Halen; who afterwards sold and conveyed it to a loan and building association of Mobile, that sold and conveyed it to Catherine Sterling, wife of Daniel Sterling, the defendant. After the sale, Mrs. Weiner and her family removed from the premises, and went to Troy, Pike county, Alabama, where they resided three or four years.

When the defendant offered in evidence the deed of appellant and her husband, conveying the premises to Fleishman, she objected, on the ground that it showed that there had been no examination of the wife, separate and apart from the husband, as required by the act of April 23d, 1873, wherefore the deed was ineffectual to pass the title, the lands being at the date of the deed the homestead of the family. The court overruled this objection, and admitted the deed, against the objection and exception of the appellant, in consequence of which she was forced to take a non-suit, &c. This ruling is the principal error assigned.

HANNIS TAYLOR, for appellant.—The deed to Fleishman should have been excluded. It showed on its face that the statute of April 23d, 1873, with reference to the alienation of homesteads, had not been complied with. There was no examination of the wife, separate and apart from the husband. To avoid this objection, it is urged that the husband is not the "owner" of the lands, within the meaning of the constitution and statutes. Or, in other words, that because the legal title was in the wife and the land her separate estate, that the husband was not owner in the meaning of the act, and therefore no separate examination of the wife was necessary. Under the statutes of this State, is the husband of a married woman, owning a statutory separate estate, in virtue of his marital rights, an owner of the estate within the meaning of the homestead law?

"The husband by marriage acquires the right to the use and occupation of his wife's land, during the coverture, whether her title *is or not* governed by the statute creating and defining the separate estates of married women."—*Bishop v. Blair*, 36 Ala. 80; Brick. Dig. 11 vol. p. 71. At the death of the wife, whether the estate be by statute or contract, the husband has an estate for life. So, in this State, the practical result of the authorities, is this, that whatever may be the character of the wife's estate in land, the husband is tenant for life; subject, it is true, in certain contingencies, to be divested of his estate.

It is well settled, both upon principle and authority, that this estate of the husband makes him an "owner" within the meaning of the homestead law.

In *Webber v. Short*, 55 Ala. 318, Justice MANNING said, "constitutional and statutory provisions conferring exemptions will be liberally interpreted to effectuate the spirit and policy of the law-givers," &c. It was decided in this case that it was not necessary for the husband to be seized in fee in order to vest the homestead right. "No matter by *what tenure* he held, the right of homestead exemption, except as against persons having a paramount title, will exist during the continuance of his estate, whether it be *an equitable estate, or an estate for life, for a term of years or a less estate.*" This case, which settles the question, defines the principle contemplated by the constitution. To keep the family *in possession* of the homestead is the object of the law; therefore, the legal title is ignored, and the *possessory estate* made the test of ownership. For all the purposes of the act, the husband is the possessor, and it is his possession that keeps the family in possession—and it is this ownership, which the law intends to protect. And this is the universal rule. In the treatise of Smyth on "The Law of Homestead and Exemption," section 114, the principle that "the homestead right does not depend upon the *character of the title* held by the party claiming it," is stated as the general rule, recognized everywhere. This precise question has been decided in Illinois, where it was held, that the homestead right attached to lands of which the wife is owner in fee, the husband having only an estate as tenant by the courtesy.—Smyth on Homestead, &c., section 107; *Boyd v. Cudderback*, 31 Ill. 113; *Tourville v. Pierson*, 39 Ill. 446. If it is the policy of the law to protect the homestead, when the title is in the husband; *a fortiori*, when it is in the wife,—who is always the

object of its special solicitude,—the rule should be strictly enforced.

If the husband then be the owner, within the meaning of the act, the deed was void absolutely, and the title and right of action remained unchanged.

STEPHENS CROOM, *contra.*—1. The wife's statutory estate can not be the subject of homestead exemption. The policy of our exemption laws contemplates, throughout, only the property of the family—the husband. It is solicitous to preserve from his creditors a sufficiency of *his* property to keep his family from want, both in his life-time and after his death. But the wife's separate estate has been strictly distinguished from that of the husband. It is not liable for his debts, and therefore it is not necessary to protect it from his creditors by exemption. No allusion to or provision concerning the separate estate of the wife is anywhere to be found in our exemption laws. She is given a controlling influence in his exemptions—but these exemptions have nothing to do with her separate property.

The question does not appear to have been raised in this State ; but in other States, having similar laws, both in respect to the wife's property and the family homestead, it has been decided that the wife's separate property can not be the subject of homestead within the meaning of the exemption laws. *Davis v. Dodds*, 20 Ohio St. 173 ; *Holman v. Martin*, 12 Ind. 553 ; *Revalk v. Kramer*, 8 Cal. 71, 72.

The constitution of 1868 provided that "no mortgage or other alienation of the homestead by the *owner* thereof, *if a married* man, shall be valid without the voluntary signature and assent of the wife." The exemption act of 1873 uses the same language, superadding that the wife must be separately examined touching her assent, which must be certified to.

These provisions are plainly in derogation of the common law and former statute law in regard to the transfer of title to real property. They must be strictly construed. The "terms and language employed" (see *Webber v Short*, 1st head note) confine them to the sale of a homestead which a married *man* is the owner. Here the owner is a married *woman*—who may alien her statutory separate estate by deed with her husband acknowledged in the ordinary way, as was done in this instance.— *Weil v. Pope*, 53 Ala.

The appellant claims for the phraseology under consideration a "liberal construction" which would make it applicable to a homestead owned by a married woman equally with

[Weiner v. Sterling.]

that of a married man—by analogy. The reasoning, if carried out, would require a separate examination of the husband touching his assent,—and compulsion by his wife!

The statute does not direct a liberal construction. And in the State of New York it is held that statutes exempting portions of a debtor's property are in derogation of the common law, and to be strictly construed.—*Rue v. Alter*, 5 Denio, 119. Our rule is, that constitutions will be liberally construed to effectuate the spirit and policy of the law, but in doing so the court can not create rights by construction, or ignore limitations or restrictions plainly growing out of the terms and language employed.

MANNING, J.—The contention on appellant's part is, that the property in question was her homestead when her deed of it was made; that she was not examined according to the act of April 23d, 1873, separate and apart from her husband, when she acknowledged the execution of it; and that, therefore the deed is void. Defendant's counsel on the contrary, insist that the wife's separate estate " can not be the subject of homestead exemption," and next, that if it may be, still that the act of 1873 does not make Mrs. Weiner's deed void.

Upon the former of these propositions, consistency with our rulings in other cases, require us to non-concur with counsel for the defense.— *Webber v. Short*, 55 Ala. 318; *Mc-Guire v. VanPelt*, id. 359.

We think the homestead of a family may be situated on land of the statutory separate estate of the wife. And inasmuch, as the law confers on her husband the authority to manage and control such property as trustee, and, in order to prevent interference with his management and discord in the family circle, to receive and disburse the rents, income and profits without liability to account for them,—though they are not to be, even in his hands, subject to the payment of his debts,—the homestead might properly be considered to some extent as that of the husband. Certainly it would be so regarded and as under the protection of the homestead law against his creditors, if he had in it any interest subject to execution that would enable them to expel him therefrom, by a sale of that interest.

But is it correct to say that the husband is the owner of such homestead property within the meaning of the subsequent part of the homestead law relating to sales or mortgages thereof? True the possession of the wife's statutory

separate estate vests in him as trustee, and he is entitled to manage and control it, in order to enable him—the husband and father, and therefore trustee, without liability to account for the income, to provide therewith for the maintenance of the family. But he can not sell or mortgage the property to another. The title to it all remains in his wife; and in the event of such sale or mortgage being made by him, she, relying on her title, may sue alone, either at law or in equity, according to the case presented, to make void such alienation and recover the property back. This has been several times decided in respect to personal property,—over which it would seem the husband's power would be, rather more than less absolute, than over the realty. The wife is herself the true owner of her separate estate.

Hence, the homestead situated thereon is under the terms of the homestead law quite as properly that of the wife as of the husband. The constitution elsewhere declares that property of the separate estate of the wife " shall not be liable for any debts, obligations or engagements of her husband."—§ 6 of art. xiv. of Const. 1868, and of art. x. of Const. of 1875. It is thus exempt from sale to pay his debts, without the aid of a homestead law. The purpose of its provisions is—to prevent the homestead from being sold at the instance of even the owner's creditors. The words of the constitution are : " Every homestead . . . . owned and occupied by *any resident* of this State, [male or female, married or unmarried], shall be exempted from sale or execution or other final process of any court,—for any debt " of course of such owner. And to give effect to this provision, we must hold that it is exempt as the homestead of the wife, from the payment of her debts or contracts; and that it is not in the power of the legislature, by changing the law so as to authorize a married woman to contract debts for which her statutory separate estate shall be liable, to subject her homestead thereon, of the extent and value prescribed in the constitution, to the payment of such debts, without her consent. We have no doubt therefore that the wife's statutory separate estate may be subject to the homestead exemption.

In considering the second proposition insisted upon for the defense, we must go further. It does not depend on anything yet quoted from the constitution. The next clause therein is as follows : " Such exemption, however, shall not extend to any mortgage lawfully obtained; but such mortgage or other alienation of the homestead, by the *owner*

*thereof, if a married man,* shall not be valid, without the voluntary signature and assent of the wife to the same." The statute of April 23d, 1873, under which this controversy arises, copies this language from the constitution, and then adds further, that the wife's signature and assent must be shown by an examination of her on the subject, separate and apart from her husband, had "before a Circuit or Supreme Court judge, or chancellor, or judge of probate," and duly certified by him. Such an examination was not made and certified in this instance; and the question to be decided is, whether the deed of Mrs. Weiner and her husband is, for this reason, invalid.

The transaction was "an out and out sale" for value. The property conveyed was of her statutory separate estate; and the conveyance was duly executed to alienate it as such. But the property was the seat of the homestead in which the family lived. And the constitution and the statute both say that a "mortgage or other alienation of such homestead by *the owner thereof, if a married man,*" shall not be valid without her signature and assent; and the statute adds—without an examination and certificate as prescribed.

The body of laws concerning the statutory separate estates of married women, has been regarded by this court as constituting a system by itself. And subsequent legislation is not understood as intended to change it, or the rules composing it, unless that be the manifest purpose of the enactment.

In *Fisk v. Stubbs,* 30 Ala. 339, the question was whether a conveyance by husband and wife of property of the wife's statutory separate estate was valid without an acknowledgement by the wife, separate and apart from the husband, that she voluntarily executed it. The act of 1850 which established this separate estate and the provisions of which were carried into the Code of 1852, and have been continued in the subsequent Codes, said nothing about a private acknowledgement by the wife of such a conveyance. But a prior act (Clay's Dig. 155, § 27), provided that "no estate of a *feme covert,* in any lands," &c., "in this State shall pass by her deed or conveyance without a previous acknowledgement made by her on a private examination," &c. The court held that this law relating to a deed made by the wife, was "not applicable to conveyances of the wife's separate estate by husband and wife," made under the act of 1850; and that this latter act "makes no distinction as to the mode of acknowledgment by the husband and wife, and it would be

[Collier v. Falk.]

most unreasonable to say that the husband must be privately examined," &c. And in *Weil v. Pope*, 53 Ala. 588, it was held that an enactment of 1858, which was carried into the Revised Code of 1867, as section 1552, qualified the older section 2373, of the same Code, concerning the mode of conveying the property of such separate estate, only because section 1552, "so obviously by the language used, as well as by the fact that it would otherwise be wholly inoperative," made such a construction necessary.

In view of the language of the constitution, and statute of 1873, we think it the better opinion that the words, "such mortgage or other alienation of the homestead by *the owner thereof, if a married man*," &c., do not embrace a conveyance by a married woman and her husband of land of her statutory separate estate, although it be proved that their homestead was upon it.

Our legislators probably considered that a husband would be more wilful in carrying out a wish to mortgage or sell land of his own, though his homestead should be on it, and that his wife would be less resolved in her opposition to his doing so,—than either would be in regard to the alienation of land which belonged to her, especially if it embraced her homestead. And it may therefore have been thought sufficient to be assured of her assent, by a private interrogation, only when the homestead was situated on property, the title to which was not vested in her. Certainly the owner of the property was not, in this instance, "a married man." In the language used in *Webber v. Short*, 55 Ala. 316, we should "stretch words and expressions beyond their proper meaning," and "disregard limitations that are written on the face of the constitution," if we extended the operation of this clause of the homestead law so as to make it annul the deed of Mrs. Weiner and her husband.

Let the judgment in the Circuit Court be affirmed.