[Long v. Efurd.]

# Long v. Efurd.

*Bill in Equity by Judgment Creditor of Husband, to set aside Conveyance to Wife as Voluntary and Fraudulent.*

1. *Purchase of land with rents, income and profits of wife's statutory estate.*—Under the statutory provisions which were of force prior to February 28th, 1887 (Code, § 2706), the husband had the right to collect and receive the rents, income and profits of the wife's statutory estate, but held them as trustee, though he was not liable to account to the wife, her heirs, or legal representatives; and if he invested them in property, taking the title in his own name, the property was subject to the claims of his creditors; but, if he allowed the wife, or any one for her, to receive and use the rents, income and profits of her estate in the purchase of property in her name, his creditors can not successfully impeach the conveyance as fraudulent.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 16th August, 1884, by James H. Long and others, as administrators of the estate of Wesley Bishop, deceased, against W. J. T. C. Efurd, his wife, Mrs. Elizabeth Efurd, and Thos. R. Efurd, who was their son; and sought to subject a house and lot in the town of Clayton, the title to which was in Mrs. Efurd, to the payment and satisfaction of a judgment for $1,000, which the complainants' intestate had recovered against Efurd & Son, a mercantile partnership composed of said W. J. T. C. and Thos. R. Efurd. The complainants' judgment was rendered on the 27th May, 1882, and an execution on it had been returned "No property found" before the filing of the bill. The purchase and conveyance of the lot in the name of Mrs. Efurd was made some time during the year 1881, but the conveyance is not set out in the record. The bill sought to set aside the conveyance, as voluntary, fraudulent and void against the complainants' judgment, on the ground that the purchase-money was furnished by either W. J. T. C. Efurd or Thos. R. Efurd, or with funds belonging to them. A decree *pro confesso* was entered against W. J. T. C. Efurd, but answers were filed by Thos. R. Efurd and Mrs. Efurd, asserting the validity of the conveyance. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is here assigned as error.

ROQUEMORE, WHITE & LONG, for appellants, cited *Hubbard v. Allen*, 59 Ala. 283; *Owen v. Hobbie & Teague*, 82 Ala. 466; *Carter v. Worthington & Smith*, 82 Ala. 334; *Gordon v. Tweedy*, 71 Ala. 274; *Glaze v. Blake*, 56 Ala. 379; *Mc-Lemore v. Nuckolls*, 37 Ala. 662; *Pinkston v. McLemore*, 31 Ala. 308; *Pickett v. Pipkin*, 64 Ala. 520; *Wing v. Roswald*, 74 Ala. 346; *Vincent v. State*, 74 Ala. 274; *Cahalan v. Monroe, Smaltz & Co.*, 70 Ala. 271.

JERE. N. WILLIAMS, *contra*, cited *Kennon v. Dibble*, 75 Ala. 351.

STONE, C. J.—Under our statute (Code, 1876, § 2706), as it existed before February 28, 1887, the husband, as trustee of his wife's statutory separate estate, had the right to manage and control the same, and was not required to account with her, her heirs, or legal representatives, for the rents, income and profits thereof, but such rents, income and profits were not subject to the payment of his debts. This constituted a very peculiar estate. It wanted one indispensable element of the ownership of the husband—liability for his debts. With the exception of the exemptions the law can and does confer, the absolute ownership of property is incompatible with its exemption from execution.—*Jones v. Reese*, 65 Ala. 134. It can not be said, in any accurate employment of language, that, under our former statutes, the husband became the absolute owner of the rents, income and profits of his wife's estate. He held them in trust, but the wife was without power to enforce that trust.—*Boaz v. Boaz*, 36 Ala. 334; *Patterson v. Flanagan*, 37 Ala. 513.

The object of the present bill is to subject a house and lot in Clayton to the payment of a judgment complainants' intestate recovered against Efurd & Son—husband and son of Mrs. Efurd. The debt on which the judgment was recovered, had been incurred before the lot referred to was purchased in the name of Mrs. Efurd, and the title taken in her name; T. R. Efurd, her son, negotiating the purchase, and superintending the improvements in her name. The question of contention is, whether effects, the property of Efurd & Son, or either of them, or effects liable to the debts of either, entered into the purchase or improvement of the lot.

It is uncontroverted, that Efurd & Son failed in business in 1880, or in 1881, and that they have been insolvent ever since; and that Mrs. Efurd owned two plantations, or places

[Long v. Efurd.]

in the country, one called the "home place," on which she resided with her husband, and the other called the "lower place." These she held as her statutory separate estate. We also feel justified in holding, that the lot and its improvements were paid for with the proceeds of crops that were grown on said places. True, T. R. Efurd, the son, sometimes employed some of his own means in payment, or part payment, for materials used in the improvements; but his testimony shows that he had previously received moneys of his mother with which to make these purchases, or that she subsequently repaid him. So, we repeat, the testimony proves that the lot and its improvements were paid for with the proceeds of crops grown on lands that were her statutory separate estate.

Efurd, the husband, had the right to manage and control her separate estate, and to use and consume the rents, income and profits, without liability to account for the same; and if he invested the same in property for himself, taking the title in his own name, that property would be subject to his debts, to the same extent as any other property held and acquired by him. But such use, consumption, or investment of the income and profits, would neither create a debt against him, nor furnish a consideration to uphold a conveyance from him to her, in payment of such supposed liability.—*Early v. Owens*, 68 Ala. 171; *Pickett v. Pipkin*, 64 Ala. 520; *Cahalan v. Monroe*, 70 Ala. 271; *Vincent v. State*, 74 Ala. 274.

The question, however, becomes a very different one, when the husband, without consuming or investing the rents, income and profits, permits the wife, or even any one else, to use or invest the same, not in his name, but in the name of another. In such case, the money or effects never having become subject to his debts, his creditors can not complain of the disposition. A voluntary conveyance, in such conditions, is no fraud of which any one can complain.—*Vincent v. State*, 74 Ala. 274; *Fellows v. Lewis*, 65 Ala. 343; 3 Brick. Dig. 491, § 20.

It is contended, however, that the purchase-money of the lot, or some part of it, was paid from the personal earnings of the wife and children; that these earnings were the property of the husband, and that complainants are entitled to relief to the extent such earnings entered into the purchase. *Glaze v. Blake*, 56 Ala. 379; *Gordon v. Tweedy*, 71 Ala. 202; 3 Brick. Dig. 552, § 129. We would find it exceedingly difficult and embarrassing, if this claim were made

[Hargrave v. Melbourne & Troy.]

good, to carve partial relief out of the statutory separate estate of a married woman, under the law as it existed when this claim originated.—*Carter v. Worthington*, 82 Ala. 334; *Hoot v. Sorrell*, 11 Ala. 386. We need not decide this question.

We are not able to affirm, on the uncertain proof found in this record, that the fifty dollars, purchase-money of the un-improved lot, or any part of it, was the identical money earned by the labor of Mrs. Efurd and her children.

We find no error in the record.

Affirmed.