I concur in Parts II and III of the majority opinion. I dissent from Part I in which the majority concludes thatBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), and implicitly Ex parte Branch, 526 So.2d 609 (Ala. 1987), "offers no authority for the extension of the principles contained therein beyond racial discrimination." Yet, the issue in this case is whether a gender-based discrimination in the selection of a jury in the prosecution of a defendant for a criminal offense is constitutional under the Constitution of the State of Alabama. I recognize that the weight of the authority from other jurisdictions supports the position of the majority. However, whatever the Constitution of the United States may provide, or not provide, it is clear that sections 1 and 6 of Article I of the Alabama Constitution of 1901 and §12-16-55, Ala. Code 1975, prohibit such a practice. Section 1 of our constitution "is *Page 541 
no empty parade of words: it means, and was intended to guarantee to each citizen, all the rights or privileges which any other citizen can enjoy or possess." In re Dorsey, 7 Port. 293, 360-61 (1838). "According to our constitution, 'All men are created equal;' and the word 'man' includes persons of both sexes." O'Neal v. Robinson, 45 Ala. 526, 534 (1871), overruled on other grounds, Weil Brother v. Pope, 53 Ala. 585, 589
(1875). "[I]t is well-recognized that rights under state constitutions, including rights very similar to those protected by the federal constitution, are sometimes regarded as being more extensive than their federal counterparts." Ex parteCaffie, 516 So.2d 831, 837 (Ala. 1987).
Batson, as interpreted in Branch, may have opened Pandora's box and may "ultimate[ly] result, in the not too distant future, . . . [in] the loss of all peremptory challenges in the criminal jury selection process." Ex parte Lynn, 543 So.2d 709,714 (Ala. 1988) (Jones, J., concurring specially), cert.denied, ___ U.S. ___, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989). However, whatever the result, this Court should not ignore the fact that it has been opened.